# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE JONES, | 1:08-cv-00166 OWW DLB HC |
| Petitioner, | ORDER DENYING RESPONDENT'S MOTION TO STAY PROCEEDINGS |
| v. | |
| | [Doc. 12] |
| JOHN D. HARTLEY, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on February 1, 2008.  (Court Doc. 1.)  On April 1, 2008, the Court directed Respondent to file a response to the petition. (Court Doc. 7.)  On May 23, 2008, Respondent filed a motion to stay the proceedings pending the Ninth Circuit's en banc review in <u>Hayward v. Marshall</u>, 512 F.3d 536 (9th Cir.2008), *reh'g en banc granted*, ___ F.3d ___, 2008 WL 2131400, No. 06-55392 (9th Cir. May 16, 2008).

## DISCUSSION

As Respondent notes, the Ninth Circuit has acknowledged that this Court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." <u>Leyva v. Certified Grocers of California Ltd.</u>, 593 F.2d 857, 863 (9th Cir.1979).  However, the Ninth Circuit has also determined that "once a federal circuit court issues a decision, the district courts within that circuit are bound to follow it and have no authority to await a ruling by the

1  Supreme Court before applying the circuit court's decision as binding authority." <u>Yong v.</u>
2  <u>Immigration and Naturalization Service</u>, 208 F.3d 1116, 1119 n. 2 (9th Cir.2000). In addition,
3  "habeas proceedings implicate special considerations that place unique limits on a district court's
4  authority to stay a case in the interests of judicial economy." <u>Yong</u>, 208 F.3d at 1120. "Special
5  solicitude is required because the writ is intended to be a 'swift and imperative remedy in all
6  cases of illegal restraint or confinement.'" <u>Id</u>., *quoting* <u>Fay v. Noia</u>, 372 U.S. 391, 400 (1963). In
7  <u>Yong</u>, the Ninth Circuit addressed an analogous situation where the district court issued a stay
8  pending a decision from the Supreme Court. The Ninth Circuit found that although
9  considerations of judicial economy are appropriate, they cannot justify an indefinite and
10  potentially lengthy stay of a habeas proceeding. <u>Id</u>. at 1120-21. Consequently, the Ninth Circuit
11  ruled the district court abused its discretion in granting a stay.

12  In this case Respondent asks the Court to stay the proceedings pending a decision in
13  <u>Hayward</u>. Like <u>Yong</u>, such a stay would be lengthy. As well, this is a habeas proceeding and
14  therefore implicates special considerations that limit the Court's authority to issue a stay. But
15  more importantly, there is ample binding precedent from the Ninth Circuit other than <u>Hayward</u>
16  which bear on the issues in the petition. See <u>Superintendent v. Hill</u>, 472 U.S. 445, 457 (1985);
17  <u>Biggs v. Terhune</u>, 334 F.3d 910, 914 (9th Cir.2003); <u>Sass v. California Board of Prison Terms</u>,
18  461 F.3d 1123, 1127-28 (9th Cir.2006); <u>Irons v. Carey</u>, 505 F.3d 846, 851 (9th Cir.2007). Pursuant
19  to <u>Yong</u>, this Court has no authority to await a further ruling from the Ninth Circuit before
20  applying these binding precedents. 208 F.3d at 1119 n. 2.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1. Respondent's motion for stay is DENIED; and,
2. All dates currently set in this action shall remain pending subject to further order of the Court.

IT IS SO ORDERED.

Dated:   **June 4, 2008**            **/s/ Dennis L. Beck**
                                     UNITED STATES MAGISTRATE JUDGE

2